## Sterne & Maley Company, Appellee, v. Tom Chamales, Appellant.

### Gen. No. 22,794.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES
N. GOODNOW, Judge, presiding. Heard in this court at the October
term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing de-
nied April 30, 1917.

### Statement of the Case.

Action by Sterne & Maley Company, a corporation,
plaintiff, against Tom Chamales, defendant, to en-
force the individual liability of defendant, as officer
of a corporation, for debts contracted in the name of
the corporation. From a judgment for plaintiff for
$558.79, defendant appeals.

WILLIAM R. BRAND, for appellant.

FRANK N. HILLIS, MARTIN WALSH and GUY M.
BLAKE, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opin-
ion of the court.

### Abstract of the Decision.

CORPORATIONS, § 307*—*when officer liable for debts made in name
of corporation.* In a suit to enforce the liability of an officer of a
corporation under section 18 of the Corporation Act (J. & A. ¶ 2435),
providing that if any person pretending to be an officer shall assume
to exercise corporate powers before compliance with the act, and
before all stock shall have been subscribed in good faith, he shall
be liable for debts made by him in the name of the corporation,
where it appeared that it was proposed to form a corporation, and
that the defendant subscribed for stock and was elected vice presi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

dent and personally participated in the business and contracted
obligations, and that a charter was issued but was not filed for rec-
ord until after the delivery of the merchandise in question, *held*
that the case was within said section 18, and that a judgment in
favor of plaintiff was proper.

---

Aloizy Roszek, by Frank Roszek, Appellee, v. Bauerle
& Stark Company, Appellant.

Gen. No. 22,801.

1.  WORKMEN'S COMPENSATION ACT, § 4*—*when is minor legally
permitted to work.*  In a personal injury case brought on behalf of
a minor, who was fifteen years old at the time of being injured,
while operating a sandpaper machine in the factory of the defend-
ant, where the defendant filed a special plea alleging that both par-
ties were under the Workmen's Compensation Act of 1913, and a
demurrer was sustained and the defendant elected to stand by the
plea, section 1 of the Children's Employment Act of 1897 (J. & A.
¶ 5307), prohibiting children under fourteen to work in factories,
and section 11 of the Act of 1903 of the Child Labor Act (J. & A.
¶ 5317), prohibiting children under sixteen from operating certain
specified machines, including sandpaper machines, considered in
connection with section 5 of the Workmen's Compensation Act [Cal.
Ill. St. Supp. 1916, ¶ 5475(5)], defining as employees "minors who
are legally permitted to work under the laws of this State," and
*held* that under such statutes, and applying the words of the Com-
pensation Act literally, plaintiff was "legally permitted to work"
in the defendant's factory, and that as both plaintiff and defendant
were under the Workmen's Compensation Act of 1913, the trial
court did not have jurisdiction.

2.  WORKMEN'S COMPENSATION ACT, § 1*—*what is purpose of.*  It is
contrary to the spirit of the Workmen's Compensation Act to relate
the amount of compensation to the precise act which occasioned the
injury, as the purpose of the act does not rest on the theory of
negligence, but on the theory that the injuries to workmen and
deaths caused by accidents in any business should be regarded as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.