**Raymond Westefer, Jr., by His Next Friend, Mary Westefer, Plaintiff-Appellant, v. Philip Rybacki, Defendant-Appellee.**

**Gen. No. 69-136.**

Third District.

June 16, 1970.

Rehearing denied July 22, 1970.

Rumley & Reese, of Toulon, for appellant.

Welch & Blachinsky, of Kewanee, for appellee.

PER CURIAM.

Plaintiff Raymond Westefer, Jr. instituted an action for damages for injury sustained by him as a result of a collision between the motorcycle which he was driving and the automobile operated by defendant, Philip Rybacki, on Route 17 near Wyoming, Illinois. As a result of a trial before a jury, a verdict was returned in favor of defendant, and judgment was entered thereon.

The record discloses that plaintiff was driving his motorcycle in a westerly direction on Route 17, about four miles east of Wyoming, Illinois. He was 15 years of age and had no driver's license. The motorcycle was a small one with a top speed of 15 miles per hour. The weather on July 10, 1966, at the time of the accident, was sunny and warm and the pavement was dry. The motorcycle was equipped so that there was room for two persons riding on it. A friend, Larry Tossel, was riding on the cycle behind plaintiff. Plaintiff had driven the motorcycle several times prior to the date of the accident. There was some evidence that just prior to the accident plaintiff and his passenger had "a couple of sips" from a bottle of wine.

The road upon which the accident occurred is a two-lane primary road sufficiently wide for two automobiles to pass. As plaintiff's motorcycle was driven west along Route 17 at the time of the accident, plaintiff apparently approached the crest of the hill, while defendant in his automobile was approaching the same hill traveling east. They collided at the top of the hill. Both plaintiff and his passenger testified that they did not see defendant's car prior to the collision and that all they remember is "a flash of red" (which was the color of defendant's car). Plaintiff testified that during all the time he was on Route 17 he was in his own lane of traffic. Plaintiff's passenger testified that while he was looking to the rear at the time of the accident he could see that the motorcycle was in the proper lane and did not feel that the cycle swerved after he turned to look forward.

John Durbin, a Stark County Deputy Sheriff, who had served in that capacity from 1962 to 1966, investigated the accident. When Durbin arrived to make his routine investigation, the only persons present were defendant and an unidentified motorist. Plaintiff and his passenger had been taken to the hospital. Mr. Durbin testified that

by looking at the marks on the road he determined that the motorcycle was in the eastbound lane and that the automobile was on the south side of the road. Objections were made that this amounted to a reconstruction of an accident by a man who was not there, and that it takes an expert to do that. Objection was also made that the witness was drawing a conclusion which was highly prejudicial to plaintiff. The objections were overruled by the court, with the observation that the witness was entitled to give an opinion. The witness then testified that the skid marks were going east and they made a curve to the south. The same witness, in testifying as to a picture he had taken of the accident scene, was asked whether he could place the location of the scene in reference to the center line. He stated that "two feet south of the center line" was where he thought was the point of impact. He testified as to marks and debris on the highway and stated that he talked with defendant at the accident scene.

Defendant testified that as he approached the hill he saw a motorcycle coming at him and he veered to the right, being at all times in his proper lane of traffic. The evidence showed that defendant's car was struck by the motorcycle just in front of the left front door of the car. As a result of the accident the plaintiff had a good part of his left arm amputated.

On appeal in this Court, plaintiff contends that the trial court was guilty of reversible error in admitting certain evidence of the witness John Durbin, and, also, in instructing the jury that absence of a valid operator's license could be considered (as plaintiff infers) as evidence of contributory negligence.

The Instruction No. 4 to which objection is made was in the following form:

"There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that: 'No person shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator. The Secretary of State shall not issue any license to any person, as an operator, who is under the age of 16 years.'

"The fact that the plaintiff violated this statute on the occasion in question may be considered by you together with all the other facts and circumstances in evidence in determining whether or not the plaintiff was contributorily negligent before and at the time of the occurrence."

Such Instruction was clearly erroneous since the failure of plaintiff to have a driver's license could not have been a proximate cause of the collision and consequently should not be a basis for a finding of contributory negligence on part of plaintiff.

In view of our determination of this cause it is unnecessary that we discuss the issue relating to testimony of witness Durbin since it is unlikely that similar problems would arise on retrial of this cause.

Since there was error in the giving of Instruction No. 4, this cause will be reversed and remanded to the Circuit Court of Stark County for a new trial.

Reversed and remanded.