RICHARD PELLEGRINI, Plaintiff-Appellant, *v.* CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellee.

First District (1st Division)    No. 79-2483

Opinion filed December 22, 1980.

Richard S. Fleisher and Barbara J. Clinite, both of Karlin & Fleisher, of Chicago (David A. Novoselsky, of counsel), for appellant.

Robert Baal and O. L. Houts, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On April 24, 1974, 13-year-old Richard Pellegrini was seriously injured while attempting to hop a freight train operating on the railroad tracks owned by Chicago, Rock Island and Pacific Railroad Company. Railroad moved for summary judgment. The trial court granted Railroad's motion, finding that Pellegrini was contributorily negligent as a matter of law. Pellegrini appeals.

We reverse and remand.

The two issues raised on appeal are whether the trial court erred in: (1) entering summary judgment in favor of defendant based on a determination that 13-year-old plaintiff was contributorily negligent as a matter of law, and (2) entering summary judgment without considering the question of whether defendant's conduct was the sole proximate cause of plaintiff's injuries.

On April 24, 1974, 13-year-old Richard Pellegrini (plaintiff) was playing near a section of railroad tracks owned by the Chicago, Rock Island and Pacific Railroad (defendant). Plaintiff hopped a slow-moving freight train and rode the train over a bridge. After the train had crossed the bridge, plaintiff jumped off, crossed back over the bridge and attempted to hop on the train again. Plaintiff failed to gain the momentum necessary to hop the train and sustained traumatic amputation of his right leg.

First, we must consider whether the trial court erred in entering summary judgment in favor of defendant based on a determination that the 13-year-old plaintiff was contributorily negligent as a matter of law.

Plaintiff argues that the issue of whether plaintiff was contributorily negligent was incapable of resolution by summary judgment.

■■ A child between the ages of 7 and 14 is presumed to be incapable of contributory negligence. (*Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604.) The presumption, however, may be rebutted by offering proof that the particular child, based on his age, mental capacity, intelligence and experience, was accountable for his actions. (*Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 245 N.E.2d 762.) Once such proof is offered, the question of contributory negligence becomes a question of fact which must be left to the jury to determine. *Thomas v. Price* (1980), 81 Ill. App. 3d 542, 401 N.E.2d 651; *American National Bank & Trust Co. v. Pennsylvania R.R. Co.* (1964), 52 Ill. App. 2d 406, 202 N.E.2d 79; *Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 149 N.E. 23.

Defendant contends that the facts in the record regarding plaintiff's age, mental capacity, intelligence and experience support the trial court's finding that plaintiff was contributorily negligent as a matter of law. The record indicates that: plaintiff was 13 years old; he did not get A's or B's in school; he had been warned by his mother to stay off the railroad tracks; he had been warned that he may be injured; he had hopped cars previously; and he had lived near the railroad tracks all his life.

Plaintiff points to additional facts in the record to support his contention that he should not have been found contributorily negligent as a matter of law. The record further indicates that: plaintiff had never been seriously injured; he had never heard of anyone being injured by a train on the tracks where the train struck him; he had only hopped a train on one previous occasion; he had watched his brother and other neighborhood children hop trains on numerous occasions.

■■ It is our opinion that the evidence in the record relating to plaintiff's age, mental capacity, intelligence and experience, raises a material question as to whether plaintiff was capable of appreciating the risk. We find that reasonable-minded persons might draw different inferences from the facts in this case and therefore the issue of plaintiff's contributory negligence should have been submitted to the jury.

Second, plaintiff argues that since the jury could properly have found that defendant railroad's conduct was the sole proximate cause of plaintiff's injury, the trial court erred in entering summary judgment based solely on a consideration of plaintiff's conduct.

In his complaint at law, plaintiff alleged that his injuries were proximately caused by defendant's failure to erect barriers and its failure to properly maintain and inspect the right-of-way. Defendant, in its motion for summary judgment, denied that it was in any way negligent, and

stated that plaintiff's own negligent actions were the proximate cause of his injuries.

In *Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 149 N.E. 23, the defendant railroad argued that the evidence showed that the probable cause of plaintiff's injury was plaintiff's own act in climbing onto the moving train, and that there was no evidence tending to show that the absence of a fence along the right-of-way proximately caused minor plaintiff's injury. The Illinois Supreme Court held that it cannot be ruled as a matter of law that the absence of a fence did not contribute to the plaintiff's injury and the question, therefore, was properly submitted to the jury.

*Maskaliunas* is distinguishable from the case at bar in that there was an ordinance requiring fencing of the right-of-way. However, the court's discussion of the propriety of submitting the proximate cause question to the jury is instructive.

> "In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury, without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from his negligence. (*Illinois Central Railroad Co. v. Siler*, 229 Ill. 390.) That the intervening cause which will serve to relieve the original negligence of its actionable quality must be a responsible cause is well established. [Citations.] The court properly submitted to the jury the question whether the absence of a fence, in violation of the ordinance, was the proximate cause of the injury, (*Heiting v. Chicago, Rock Island and Pacific Railway Co.* 252 Ill. 466,) and the question whether the attempt of the child to climb onto the moving train was an efficient intervening cause. *Lerette v. Director General*, 306 Ill. 348." *Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 148-49, 149 N.E. 23.

In the case at bar, defendant contends that since plaintiff's actions were "negligent to an outrageous degree," they were not foreseeable. Further, it argues that since plaintiff's actions were not foreseeable, they break the causal connection between defendant's acts and plaintiff's injury.

The facts in the record do not necessarily mandate a finding that plaintiff's acts were unforeseeable. The record reflects that the section of tracks where the injury occurred is on a bridge which runs over a canal. There was a well-worn path leading up to the bridge which was used by neighborhood residents as a shortcut. The record further reflects that

children used the track area as a playground and occasionally were tossed flares from railroad employees on passing trains. Additionally, one crew member from another railroad operating on defendant railroad's tracks had complained several times to railroad about the number of children playing in the particular area.

■■ In light of these facts, we find that a jury could have possibly found that: defendant knew or should have known that children often were present in dangerous proximity to its tracks, and that defendant's failure to fence the area was the proximate cause of plaintiff's injury. The questions of whether defendant was guilty of negligence in failing to fence its right-of-way and whether plaintiff's actions constituted an intervening cause should have been submitted to the jury. The trial court's entry of summary judgment without consideration of defendant's conduct was therefore erroneous.

For the foregoing reasons, we reverse the order of the circuit court of Cook County and remand the cause for trial.

Order reversed; cause remanded.

O'CONNOR and CAMPBELL, JJ., concur.