MARGARET ANN RILEY, a Minor, by Albert Riley, her Father and Next Friend, Plaintiff-Appellee, *v.* GWENDOLYN D. JOHNSON, Defendant-Appellant.

First District (1st Division)    No. 80-2056

Opinion filed July 27, 1981.

Orner, Wasserman & Moore, Ltd., of Chicago (Norton Wasserman and H. Elisabeth Huber, of counsel), for appellant.

Robert Handelsman and Robbins, Coe, Rubinstein & Shafran, Ltd., both of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Margaret Ann Riley, an 8½-year-old minor, sued defendant, Gwendolyn D. Johnson, for injuries she received when struck by an automobile driven by defendant. A jury returned a $15,000 verdict in favor of plaintiff and answered in the negative a special interrogatory as to whether plaintiff was contributorily negligent. Judgment was entered on this verdict. Defendant filed a post-trial motion for judgment notwith-

standing the verdict or for a new trial. The trial court denied the motion. Defendant appeals.

The accident occurred on July 25, 1974, between 6:30 and 7 p.m., at or near an alley near the intersection of Morgan and 79th Streets in Chicago. It was a sunny, dry day, light outside. Traffic was busy. Morgan is a north-south four-lane street; the two outer lanes are used for parking and the two inner lanes for moving traffic, one north and one south. 79th Street is an east-west street. The neighborhood at the scene of the accident is residential. There is no crosswalk at the alley. The nearest crosswalk is south of the alley at 79th Street.

Plaintiff testified that she and several children, including a girl named Cynthia, were playing in the alley which was north and west of the intersection. Plaintiff and Cynthia decided to get some ice cream. They walked east in the alley to Morgan and then walked south on the sidewalk on the west side of Morgan. To reach the ice cream store, they had to cross to the east side of Morgan. Before reaching the intersection, they began to cross Morgan. They walked between two cars parked at the west curb and then between two cars in the southbound lane of Morgan which were stopped because of the red traffic light at the intersection. When the two reached the centerline of Morgan, Cynthia crossed the northbound lane and reached the other side of Morgan. Plaintiff stood on the centerline and looked both south and north. Seeing no cars coming from the south, she began to walk across the northbound lane and was hit by defendant's car which she never saw. Plaintiff received head injuries and a complete fracture of the right femur. She was put in traction and then spent two months in a half-body cast.

On cross-examination, when asked if she was four feet tall at the time of the accident, plaintiff said she was pretty tall and had been tall for a long time. She was not much shorter than the top of a car. When asked whether she knew she should not be walking out between parked cars, she answered in the negative.

Plaintiff's mother testified that she had taught plaintiff to cross in the crosswalk.

As an adverse witness, plaintiff testified that while waiting for the cars to come to a stop for the red light, she was on the grass between the curb and the sidewalk. Before crossing the northbound lane on Morgan, she looked in both directions and did not see any cars north of the intersection. She looked in both directions and began to cross the northbound lane. She was struck then.

Defendant testified that she was driving a new car only one month old, with power brakes and in perfect mechanical condition, and had received her license in June of that year. She had taken driver's education courses for one year. She further testified that she had been eastbound on

79th Street and wanted to turn north on Morgan. She was very familiar with the intersection because she had lived in the area for the past 10 or 11 years. The intersection is commercial, but north of the alley the area is residential. She knew it was a residential area and that there were many people on the streets, including children. When she reached that intersection, she had to wait for westbound traffic on 79th Street to clear the intersection. She did not remember that in her deposition she had answered that she did not look on Morgan Street, but was just watching the traffic coming in the opposite direction. When the traffic cleared, she turned left (north) onto Morgan at between 10 and 15 miles per hour. Just before she reached the alley, which was not more than three car lengths from the intersection, she struck plaintiff, who was moving and whom she saw only one second before the accident. Prior to the accident, she did not see a pedestrian cross the northbound lane on Morgan.

Defendant further testified that at the time of the accident the southbound traffic on Morgan was backed up past the alley. Her car was traveling about a foot inside the centerline. When she saw plaintiff, she could not swerve because of the cars parked to her right. The car stopped as soon as she applied the brakes. There were no skid marks. Plaintiff was lying in front of her car; plaintiff's body did not go up in the air.

Defendant's sister, Sharon, who was a passenger on the front seat of defendant's car, testified that after turning into Morgan she was looking straight ahead and that prior to the accident defendant was traveling not more than 20 miles an hour. The next thing she knew there was a little girl; she just saw her and defendant could not put on the brakes—it was too late.

Defendant contends that a verdict should have been directed in her favor because she was not negligent and because plaintiff was contributorily negligent. We disagree.

■■ Questions of one's due care, another party's alleged negligence and the proximate cause of such injured party's injuries and damages are pre-eminently questions of fact for a jury's determination. Under our system of jurisprudence, jury determinations can be set aside only when a court of review, or a trial court upon proper motion, is clearly satisfied that they were occasioned by passion or prejudice or found to be wholly unwarranted from the manifest weight of the evidence. (*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 623, 126 N.E.2d 836.) Contributory negligence is nothing more than negligence on the part of a plaintiff and the rules of law applicable to negligence of a defendant are likewise applicable to the contributory negligence of a plaintiff. In general, the question of negligence is one of fact. *McCann v. City of Waukegan* (1967), 83 Ill. App. 2d 284, 287, 227 N.E.2d 558.

■■ A child between the ages of 7 and 14 is presumed to be incapable of

contributory negligence. (*Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604.) The presumption, however, may be rebutted by offering proof that the particular child, based on age, mental capacity, intelligence and experience, was accountable for his actions. (*Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1969), 42 Ill. 2d 103, 245 N.E.2d 762.) Once such proof is offered, the question of contributory negligence becomes a question of fact which must be left to the jury to determine. (*Thomas v. Price* (1980), 81 Ill. App. 3d 542, 401 N.E.2d 651; *American National Bank & Trust Co. v. Pennsylvania R.R. Co.* (1964), 52 Ill. App. 2d 406, 202 N.E.2d 79; *Maskaliunas v. Chicago & Western Indiana R.R. Co.* (1925), 318 Ill. 142, 149 N.E. 23; *Pellegrini v. Chicago, Rock Island & Pacific R.R. Co.* (1980), 91 Ill. App. 3d 1091, 415 N.E.2d 615.) Verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504.

The jury here could have found under the evidence that the defendant, waiting on 79th Street to turn left onto Morgan, was concerned with oncoming traffic and when it cleared she turned left at 10 to 15 miles an hour and accelerated to 20 without paying proper heed to the conditions on Morgan. This raised a fact question for the jury.

Plaintiff testified that after walking between two cars stopped because of the red light at 79th Street, she stood on the centerline of Morgan and, looking in both directions and seeing no cars coming, started to cross and was struck. She was not too much shorter than the top of a car. The jury could have felt that she was not negligent and that defendant should have seen her in time to avoid the accident.

■■ Under the facts here, the negligence of both plaintiff and defendant were questions of fact for the jury and, applying the *Pedrick* rule, we cannot conclude that the evidence, when viewed in its aspect most favorable to plaintiff, so overwhelmingly favors defendant that the verdict for plaintiff could not stand.

In *Hardy v. Smith* (1978), 61 Ill. App. 3d 441, 378 N.E.2d 604, relied on by defendant, the court affirmed a summary judgment finding the 13-year-old plaintiff guilty of contributory negligence as a matter of law. Here, the jury by answer to a special interrogatory found the 8½-year-old plaintiff not guilty of contributory negligence. We cannot say that its finding was manifestly wrong. The evidence does not show that plaintiff's conduct was so palpably unreasonable as to constitute contributory negligence as a matter of law.

■■ Plaintiff cannot be held contributorily negligent as a matter of law because she did not cross in a marked crosswalk. (*Moore v. Checker Taxi*

*Co.* (1971), 133 Ill. App. 2d 588, 273 N.E.2d 514.) We can not, and will not, assume that the jury was unable properly to evaluate the conduct of both parties. The trial court properly refused to direct a verdict for defendant and to enter judgment for defendant notwithstanding the verdict.

Defendant argues that, at the very least, the issues of negligence and contributory negligence were close questions which required a substantially error-free trial, but that substantial errors were committed requiring a new trial.

While it is true that in a close case any substantial error which might have tipped the scales in favor of the successful party calls for a reversal (*Both v. Nelson* (1964), 31 Ill. 2d 511, 514, 202 N.E.2d 494), we do not find that substantial errors are present here. Accordingly, we need not determine whether this is a close case.

Defendant complains that the trial court excluded plaintiff's testimony at her deposition which bore directly on both the issues of plaintiff's contributory negligence and defendant's negligence. The record, however, does not bear out this contention. The questions and answers from the deposition upon which defendant relies were read into the record in the presence of the jury, and the court reporter who took down and typed plaintiff's deposition testified that she examined the transcript and compared it with her notes and that she had truly and accurately typed the questions and answers from her notes. Plaintiff did not contest this fact. No substantial error was committed.

A more serious question is presented by the tactics of plaintiff's counsel with reference to the driving experience of defendant. Prior to trial, defense counsel presented a motion *in limine* to bar plaintiff's counsel from referring to the length of time that defendant had been a licensed driver before the accident. The trial court did not rule on this motion. Plaintiff's counsel in his opening statement told the jury that he expected to show that defendant had been licensed only for one month and later elicited that fact from defendant as an adverse witness. Defendant contends that this constituted reversible error.

■■ The length of time a person has been driving is relevant to the person's skill and experience; it is irrelevant on the issue of negligence whether or not that person has a driver's license. (*Westefer v. Rybacki* (1970), 125 Ill. App. 2d 66, 259 N.E.2d 810; *Wilson v. Hobrock* (1951), 344 Ill. App. 147, 100 N.E.2d 412, *appeal denied* (1951), 410 Ill. 630.) Defendant had been licensed for only one month before this accident, but, as appears from the record, plaintiff's counsel was aware she had been driving for at least two years. Despite this, plaintiff's counsel elicited testimony from defendant only as to her one-month license, thus hoping to prejudice defendant by forcing defendant's counsel to bring out that she had been driving for almost two years without a license. Such tactics

are not condoned; they serve only to make a trial a game of wits and not a search for the truth. In view of the fact that the evidence shows defendant had taken driver's education courses for a year, we conclude that the error was not so substantial as to require a new trial.

■■ Defendant also argues that reversible error was committed because plaintiff's doctor was improperly permitted to describe the fracture claimed by plaintiff without having in court the X rays allegedly establishing the fracture. We disagree. The doctor testified, without objection, that he examined plaintiff on the day of the accident and that his examination revealed a fracture of the right femur. He stated that this confirmed the X rays, which were taken the same day. He could not find the X rays; the hospital had a policy of destroying them after a certain time. Over objection, he was allowed to testify from his recollection that the X rays showed, as to the nature of the fracture, that it was a complete fracture, with the fracture ends moved apart about two centimeters. Defendant contends that, under *Hickey v. Chicago Transit Authority* (1964), 52 Ill. App. 2d 132, 201 N.E.2d 742, testimony as to the contents of the X rays, without them being introduced into evidence, was reversible error because it precluded the defense from cross-examining the doctor in any way on the issue of the nature and severity of the injury. Even if, under this case, the doctor's testimony was improper, that error is not enough to warrant a new trial since the doctor had previously testified that his physical examination of plaintiff had revealed the fracture. The testimony objected to was merely corroborative. *Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1088, 401 N.E.2d 1145.

Further error is claimed as to the doctor's charges. He testified as to the amount of his charges and that they had not been paid. There was no testimony as to the reasonableness of those charges. Defendant moved to strike his testimony and claims reversible error in the trial court's failure so to do, relying on *Cooper v. Cox* (1961), 31 Ill. App. 2d 51, 175 N.E.2d 651. Even if error was committed, it was harmless. No point is made or argued in defendant's brief in this court that, if there was liability here, the jury's verdict was excessive for the injuries plaintiff received.

Defendant also complains that the trial court improperly limited cross-examination of both plaintiff and her mother regarding plaintiff's training and experience in crossing streets. The record shows that on cross-examination plaintiff, when asked whether her mother or anyone else had taught her to cross at the corner, replied that there were crossing guards when she was in school. She also answered in the negative twice to defendant's question whether she knew she should not be walking between two parked cars. On cross-examination, plaintiff's mother was asked twice whether, prior to the accident, she had taught plaintiff to cross in the crosswalk. Over objection, she answered in the affirmative.

Further questions were objected to on the ground that they exceeded the scope of the direct examination. These objections were sustained and defendant did not call plaintiff's mother as an adverse witness. When plaintiff was called as an adverse witness, questions as to whether her mother had told her to be careful crossing streets and not to run across the street were objected to as repetitious and the objections were sustained. We cannot say that this improperly limited defendant. *Kennedy v. Kiss* (1980), 89 Ill. App. 3d 890, 412 N.E.2d 624, relied on by defendant, differs in that there the trial court refused to allow any evidence of plaintiff's training. Not so here. No reversible error was committed.

■■ Defendant further asserts reversible error in plaintiff's argument that an alley is a one-lane street, thus inferring that plaintiff was crossing at an unmarked crosswalk. We find no reversible error. Improper remarks generally do not constitute reversible error unless they result in substantial prejudice. *(People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200.) The jury was instructed that they were to disregard arguments not based on the evidence and to use their experience in evaluating the evidence. The jury was further instructed that a section of the statute provides that every pedestrian crossing a highway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles in the roadway and that notwithstanding this section every driver shall exercise due care to avoid colliding with any pedestrian on the roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution when observing any child upon a roadway. We cannot say that plaintiff's argument resulted in substantial prejudice to defendant.

■■ Defendant further claims reversible error because the court gave two instructions concerning contributory negligence and plaintiff's due care which were repetitive in emphasizing that plaintiff was a minor and refused to give a defendant's instruction which defined contributory negligence without reference to plaintiff's age. Repetition alone in instructions is not reversible error. *(People v. Smith* (1949), 404 Ill. 125, 135, 88 N.E.2d 444.) A minor's standard of care was fully stated in another instruction. Merely because the court restates the law in another instruction does not necessarily mean that the court unduly emphasizes any point in favor of either litigant. (See *Newton v. Meissner* (1979), 76 Ill. App. 3d 479, 497, 394 N.E.2d 1241.) Defendant was not prejudiced.

Defendant finally argues it was reversible error to give plaintiff's instruction setting out the following claims by plaintiff as to defendant's negligence: (1) driving at a speed that was greater than reasonable and proper considering the traffic and the condition of the street, (2) failing to yield to a pedestrian, (3) failing properly to apply her brakes, and (4) failing to give warning by sounding her horn, because these charges were

not supported by the evidence. We have examined the record and the arguments of counsel and find that the inclusion of these matters in the instruction was not improper.

We do not find the errors of which complaint is made to be substantial, either individually or in combination.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.