WILLIAM SCHRANZ et al., Plaintiffs-Appellants, v. DOROTHY HALLEY, Defendant-Appellee.

Third District   No. 82—216

Opinion filed April 14, 1983.—Rehearing denied May 23, 1983.

160

Gray, Kleczek & Kielian, P.C., of Joliet, for appellants.

Harry D. Leinenweber, of Dunn, Leinenweber & Dunn, Ltd., of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the circuit court of Will County entered judgment on the verdict in favor of the defendant, Dorothy Halley, and against the plaintiffs, William Schranz and Kimberly Schranz, on their claim for damages for personal injury.

On this appeal the plaintiffs argue the trial court erred in refusing to direct a verdict in their favor on the issue of liability and grant them a new trial on the issue of damages only. We find no merit to this argument. Alternatively, the plaintiffs argue the trial court erred in giving a modified instruction at the request of the defendant over the objection of the plaintiffs which error the plaintiffs claim constitutes reversible error. We agree with this contention.

The evidence in this case is neither extensive nor complicated. A brief summary will suffice for our purposes.

The defendant, Dorothy Halley, owned property in Joliet improved with a building containing two apartments. She lived in the downstairs apartment and the upstairs apartment was served by an outside stairway. The property adjoining was occupied by William Schranz and his family, including the minor plaintiff, Kimberly Schranz, who was seven years old at the time of this incident.

On the 30th day of April 1978, Kimberly was on the stairway and apparently leaned against the railing which gave way causing her to fall to the ground below injuring her. Her father was working outside in his own yard and heard the incident but did not actually see the fall take place.

Conflicting evidence was introduced concerning the condition of

the railing and what the landlord should or should not have known about its condition, as well as the frequency of Kimberly's presence on the stairway either with or without the invitation of the upstairs tenant. There was also some evidence of the defendant's conduct or gestures on some occasions disapproving of the child's presence on the stairway.

William Schranz brought this action individually and as next friend of his minor daughter Kimberly.

Although the plaintiffs argue the facts disclose liability as a matter of law, their argument ignores two rather salient areas of controversy namely, the dispute concerning the condition of the railing and the knowledge the landlord had or should have had of its condition and also a dispute concerning the foreseeability of the child's presence on the stairway and the duties which depend on such foreseeability. Both parties have referred at length to *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, which sets forth elements which a minor plaintiff is required to prove in order to recover under the legal theory applicable to liability in cases of this type. Without restating the elements here, we repeat our belief that questions of fact were presented sufficient to require their resolution by a jury and the facts do not impose liability on the defendant as a matter of law.

We next consider the plaintiffs' contention the trial court erred in giving an instruction over plaintiffs' objection. The instruction complained of is Illinois Pattern Jury Instructions, Civil, No. 20.01 (modified) (2d ed.) (issues instruction), which provides in pertinent part:

> "The defendant claims that the plaintiff, Kimberly Schranz [*sic*] was contributorily negligent in trespassing on defendant's stairway and that the plaintiff William Schranz, was contributorily negligent allowing his daughter to trespass on defendant's stairway.
>
> The defendant further claims that the foregoing was the sole proximate cause of the claimed injuries of plaintiffs."

Plaintiffs objected for the following reasons: First, the issue of trespass is not a defense in this matter; Second, there is nothing in the evidence suggesting that Kimberly was a trespasser; Third, it is totally irrelevant whether or not Kimberly was trespassing; Finally, the instruction is confusing because it strongly suggests that if William Schranz allowed his daughter to trespass on the stairway, Kimberly cannot recover if the jury finds that to be the sole proximate cause of the injuries. Plaintiffs' contention is that whether or not Mr. Schranz was negligent in allowing his daughter to go on the stairway is irrele-

vant with regard to her recovery.

We believe all of the objections to the proposed instruction were well taken and the trial court should not have given the modified issues instruction as tendered by the defendant. Notwithstanding the defendant's assertion to the contrary, we find the plain meaning of the issues instruction to be that the trespass of the minor is or may be a defense to the action. This is contrary to *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, and indeed the defendant has failed to call our attention to any case approving such an instruction.

In *Dickeson v. Baltimore & Ohio Chicago Terminal R.R. Co.* (1965), 73 Ill. App. 2d 5, 220 N.E.2d 43, this issue was specifically discussed in the context of a 14-year-old boy trespassing on railroad property notwithstanding repeated efforts by railroad employees to discourage the trespassing. The boy was injured after hopping a freight train and becoming crushed between the side of a train and a bridge support. The court declared that the plaintiff's trespassing could not be a cause of his injury and that his trespassing was only relevant with relation to the foreseeability of his presence and the railroad's duty as a result of such foreseeability. See also *Dallas v. Granite City Steel Co.* (1965), 64 Ill. App. 2d 409, 211 N.E.2d 907.

We believe the instruction permitted the jury to apply an incorrect statement of the law and consequently prejudicial and reversible error occurred.

For the foregoing reasons the judgment of the circuit court of Will County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

ALLOY and HEIPLE, JJ., concur.