WILLIAM SCHRANZ, Indiv. and as Next Friend of Kimberly Schranz, Plaintiff-Appellant, v. DOROTHY HALLEY, Defendant-Appellee.

Third District   No. 3—84—0098

Opinion filed October 9, 1984.

Andrew J. Kleczek, of Gray, Kleczek & Kielian, P.C., of Joliet, for appellants.

Harry Leinenweber, of Dunn, Leinenweber & Dunn, Ltd., of Joliet, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

This case has been tried twice to a jury. After the first trial, we reversed a verdict in favor of defendant because of an error in a jury instruction. *Schranz v. Halley* (1983), 114 Ill. App. 3d 159, 448 N.E.2d 601.

Although the facts are well summarized in our first opinion, they are uncomplicated and are here restated for convenience and clarity. Suffice it to say that Kimberly Schranz, a seven-year-old girl, was leaning against a second-story exterior stair railing of a next-door apartment. The stair railing gave way and she fell to the ground. She was injured. She sued the building's owner.

On retrial, the jury returned a verdict in the sum of $556.56 for the minor plaintiff. That figure was achieved by a finding that the plaintiff had suffered damages in the sum of $1,391.40 for her "medical bills as presented." This latter figure was reduced by 60%, which was the degree of negligence the jury attributed to the plaintiff.

Once again, we reverse and remand.

■■ ■ We reverse because the jury, although this time finding for the plaintiff, found the plaintiff's damages to be limited to the exact penny of the medical bills. So that this finding could not be misunderstood, the jurors even pencilled in the words "medical bills as presented" on the verdict form. The element of pain and suffering was totally discounted. If damages awarded are manifestly inadequate or if an important element of the damages has been overlooked, then the reviewing court may order a new trial. (*Stamat v. Merry* (1979), 78 Ill. App. 3d 445, 397 N.E.2d 141.) To determine whether damages are inadequate, the record as a whole must be considered. *Potter v. Rodrick* (1979), 77 Ill. App. 3d 7, 345 N.E.2d 746.

■■ While the testimony regarding the less tangible elements of damages was somewhat scanty, it is clear from the record that a verdict reflecting only the amount of medical expenses is palpably inadequate. As to other possible elements such as disability and future pain and suffering, we defer to the jury. There was considerable testimony

that Kimberly had made a complete recovery. Furthermore, the only possible lingering effects testified to were Kimberly's headaches. However, these complaints are entirely subjective. Thus, we are reluctant to substitute our judgment for the jury as to these elements. (*Bledsoe v. Amiel* (1978), 57 Ill. App. 3d 54, 372 N.E.2d 1022.) Nonetheless, a new trial is required. The jury's failure to award damages for past pain and suffering finds no support in the record. Kimberly suffered a basal skull fracture, a concussion and cerebral contusions. She was hospitalized for a week. Dr. McCoy testified that the injuries suffered were consistent with a diagnosis of pain. Kimberly testified that she experienced headaches and double vision for a month after she was released from the hospital. Neither witness was contradicted on these points. While we believe it was within the province of the jury to reject a finding of future pain and suffering due to a lack of objective symptoms, the experiencing of pain is such an obvious and natural result of the injury suffered here that a failure to award damages therefor constitutes reversible error.

Numerous cases mandate reversal where the jury has ignored elements of damages. In *Kelly v. Reynolds* (1971), 132 Ill. App. 2d 1098, 271 N.E.2d 370, plaintiff was awarded a verdict of medical expenses only. The nature and extent of the injuries (significant fractures; permanent knee damage) served as the basis for the reviewing court's finding of inadequate damages. Such was also the case in *Stamat v. Merry* (1979), 78 Ill. App. 3d 445, 397 N.E.2d 141. There, a verdict of $11,000 for an auto accident victim was reversed. Special damages of $9,246.10 were proved. Plaintiff received numerous facial fractures resulting in permanent injuries. While we agree that the objective injuries suffered in this case are not as significant as those sustained in *Kelly* and *Stamat*, it is clear that the inadequacies that mandated reversals in those cases are present here.

Plaintiff also asks that we reverse the jury's finding that she was 60% negligent. It is claimed that no evidence was presented to rebut the presumption that a seven-year-old child cannot be contributorily negligent.

The rule in Illinois on the contributory negligence of children is as follows:

> "A child between the ages of 7 and 14 is presumed to be incapable of contributory negligence ***. The presumption, however, may be rebutted by offering proof that the particular child, based on age, mental capacity, intelligence and experience, was accountable for his actions ***. Once such proof is offered, the question of contributory negligence becomes a question of fact

which must be left to the jury to determine." *Riley v. Johnson* (1981), 98 Ill. App. 3d 688, 691-92, 424 N.E.2d 842, 846.

The record indicates that plaintiff has waived the benefit of this presumption. Plaintiff tendered an instruction that contributory negligence was not an issue in this case. The trial judge refused the instruction, but plaintiff did not object on the specific ground of this presumption. Nor did plaintiff object on this ground to the giving of contributory/comparative negligence instructions.

For the reasons given, the judgment of the trial court in this case is again reversed and the cause is remanded for retrial solely on the issue of damages. Since we do not disturb the jury's finding of 60% contributory negligence, the trial judge shall enter judgment in the amount of 40% of the verdict on remand.

Affirmed in part, reversed in part and remanded.

SCOTT and STOUDER, JJ., concur.