42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Baltazar LUNA Plaintiff-Appellant,
v.
Michael J. MEINKE and City of Chicago, an Illinois Municipal
Corporation, Defendants-Appellees.
 No. 94-1916.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 25, 1994.
Decided Nov. 22, 1994.
 
 Before GOODWIN,* RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 Baltazar Luna brought a Sec. 1983 claim and a pendent tort claim against Michael Meinke, a Chicago police officer, together with a state claim against the City of Chicago on a theory of respondeat superior for injuries Luna suffered from a road-side beating at the hands of Meinke. The district court, holding that Meinke acted outside the scope of his employment when he attacked Luna, granted Chicago's summary judgment motion on the issue of respondeat superior liability. Luna's case against Meinke proceeded to trial and the jury awarded Luna $551.80 in damages. Luna appeals, assigning error to the denial of his motion for a new trial on damages, and to the summary judgment for the city. Meinke's answering brief also attempted to challenge the order releasing the city from respondeat liability in the event this court should remand for a new trial on damages. Because we hold that the jury verdict was supported by evidence, and is entitled to finality on the issue of damages, we need not reach the summary judgment issues tendered in the briefs and argument.
 
 
 2
 On May 26, 1991, Meinke, having taken a day off, was driving home from a picnic. On the Edens Expressway, passing through the Village of Skokie, Meinke observed two automobiles which he considered to be operating in a reckless manner. Luna in his car, and Luna's friends in a second car, were bobbing and weaving about each other as they raced down the Expressway. Luna drove his car in front of Meinke's car and then braked suddenly, forcing Meinke to swerve around Luna to avoid a collision. (According to Luna, Meinke was tailgating Luna's car.) For purposes of this appeal, however, it matters little whether Meinke or Luna was the agent provocateur.) Meinke overtook and passed Luna, sounding his horn. Luna saluted Meinke with his middle finger.
 
 
 3
 At this point, Meinke displayed his Chicago Police Department badge and motioned Luna to pull to the side of the road. Luna and the car carrying his friends pulled over, as did Meinke. It is undisputed that Meinke intended to deliver Luna and his friends to the Skokie police station to have them charged with reckless driving.
 
 
 4
 At the roadside, Meinke ordered Luna to show his license and certificate of insurance. While Luna was retrieving his insurance card from the glove box of his car, Meinke slugged Luna in the face, knocking him down, and splitting Luna's lip. (The cut required stitches and left a scar.) Meinke then yielded to temptation and began to kick Luna in the lower back. (Whether and how many times Meinke kicked Luna, were disputed facts at the trial, but Luna was treated for minor back trauma.) Meinke ordered Luna and Luna's friends to follow him to the Skokie police station where they would be issued a citation for reckless driving. Luna's friends took Luna to the hospital instead.
 
 
 5
 Meinke later pleaded guilty to a charge of criminal battery. When Luna brought this civil action for damages, and Chicago sought to establish that Meinke was not acting within the scope of his employment when he battered Luna, Luna verbally joined Meinke in opposing summary judgment for the city. The district court, however, granted summary judgment, and both Luna and Meinke have assigned error to the reasoning behind the summary judgment. We do not reach the merits of that ruling, nor do we reach the City's argument that Luna waived the right to appeal the ruling by merely indicating his agreement with Meinke and by not filing his own opposition papers in the trial court.
 
 
 6
 Meinke has stated in this court that if Luna's judgment for damages is affirmed, he will abandon his appeal. Also, if the judgment for damages is affirmed, Luna's appeal from summary judgment will be moot. After Meinke satisfies the $551.80 judgment, which he indicates he cheerfully will, there will no longer be a case or controversy about the question of the City's liability.
 
 
 7
 As noted, the jury returned a general verdict for Luna. While the amount of $551.80 equals the sum of Luna's emergency room bill ($401.80) and $150 charged for a follow-up visit to a physician the next day, it does not follow that the verdict is fatally defective as asserted in Luna's appeal.
 
 
 8
 Luna's evidence, which the jury had the right to believe or disbelieve, as it saw fit, included additional medical bills over the course of the following months totalling $8,210.70. The verdict simply stated the $551.80 as damages. The verdict form contained no commentary, and none was invited. The instructions were those normally given in a case seeking damages for personal injuries and would have permitted, but did not require, the jury to award much more damages that the jury chose to award. The instructions were not excepted to in accordance with Fed.R.Civ.P. 51.
 
 
 9
 As a practical matter, Luna may be right in saying that the jury should have awarded him substantial damages for medical expenses, pain and suffering, and other general damages alluded to in the testimony. However, the propensity of jurors to be either generous or parsimonious in ways inexplicable to lawyers and their clients is well known, and indeed this knowledge motivates many settlements. It is not for appellate judges to substitute their wisdom for that of the jury when a jury chooses the amount of damages it wishes to award in a given case. There is nothing in the record to suggest that the jury wilfully disregarded the instructions, or that their verdict was influenced by passion and prejudice.
 
 
 10
 Luna points to Schranz v. Halley, 128 Ill.App.3d 125, 126-27, 469 N.E.2d 1389, in which an Illinois Court of Appeal held that the award of medical fees alone was inadequate where past pain was an obvious incident to the injury suffered.
 
 
 11
 However, Schranz differs from the present case in that in Schranz, the jury explicitly stated that the award was to cover medical bills, leaving no doubt that past pain, etc., was not included in the award. Here, on the other hand, the award was in the form of a general verdict, so the presumption that the award is valid controls. Absent specific evidence that a jury award failed to follow the law, and was not supported by evidence, this Court must defer to a jury's judgment. See, Cerveny v. American Family Ins. Co., 255 Ill.App.3d 399 (1993) (refusing to extend Schranz to overturn a verdict where the jury did not explicitly state what harms the award compensated).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Alfred T. Goodwin, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, is sitting by designation