Ella Louise Panelle, Respondent-Plaintiff, v. Chicago Transit Authority, a Municipal Corporation, Petitioner-Defendant.

Gen. No. 49,192.

First District, Second Division.

March 19, 1964.

William J. Lynch, William S. Allen, Paul Denvir and Jerome F. Dixon, all of Chicago, for petitioner-defendant.

Royal E. Spurlark, Jr., of Chicago, for respondent-plaintiff.

MR. JUSTICE BRYANT delivered the opinion of the court:

This case is before us on a petition for leave to appeal from an order of the Superior Court of Cook County entered on April 24, 1963, granting a new trial to the plaintiff Ella Louise Panelle. The transcript of the post-trial motion showed that the court con-

sidered all the assignments of error enumerated by the plaintiff and granted a new trial solely upon the ground that he understood counsel for the defendant, CTA, in his address to the jury to make remarks to the effect that "there would not be enough money collected in a year to pay out the claims in a month." The judge commented "there is no room in final argument for inability of the defendant to pay, or other extraneous matters on claims pending outside, . . ."

The remarks actually made by counsel for the CTA are as follows:

> "Now, let me say further that if we, a municipal corporation, cannot have a trial on the law and the evidence, ladies and gentlemen, then aside from the aspects of what it does to our judicial system, I want to say this. That if we cannot decide what cases must go to be decided by a jury and bring in what evidence we have and expect that case to be decided on the law and the evidence, if we are going to be required to pay every claim made against our company whether we think it is justified or not, if we don't have the right to go to a jury of 12 people who will decide the case on the law and the evidence, then I will tell you frankly, there isn't enough money collected in a year that we would have to pay out in claims in a month."

Objection was made to these remarks of counsel and the trial court sustained the objection.

The suit arose out of a bus-car collision. The plaintiff was driving on 42nd Street in a westerly direction. Defendant's bus was proceeding in a northward direction on Indiana Avenue. Indiana Avenue was a through street; 42nd Street was not. The collision occurred somewhere near the middle of the intersection with the bus striking the plaintiff's car in the

center or in the left side rear. There was conflicting evidence as to whether the plaintiff stopped at the stop sign and as to whether the bus was stopped and discharging passengers at the time the plaintiff began to proceed into the intersection. The trial court felt that the case was a close one, and we, also, believe that the determination of the case depended upon whether the jury believed the CTA's account of the accident or the plaintiff's.

■ ■ It is most important where there is testimony to sustain a verdict for either party and the case depends substantially upon the credibility of the witnesses, that the issues should be determined by an impartial jury. Appel v. Chicago City R. Co., 259 Ill 561, 568, 102 NE 1021 (1913); Bulleri v. Chicago Transit Authority, 41 Ill App2d 95, 100, 190 NE2d 476 (1963). The rule applicable to this case was well stated in the Appel case at 567:

> ". . . Where objections made to improper argument are sustained, counsel is corrected and the jury are instructed to disregard it, the improper argument cannot usually be made the basis of reversal. But upon a motion for a new trial the question still remains whether the defeated party, in view of the whole record, has had a fair trial, and this question is committed to the discretion of the trial court,—not to its absolute discretion but to its judicial discretion."

See, also, Crutchfield v. Meyer, 414 Ill 210, 214–215, 111 NE2d 142 (1953); 3A Nichols Illinois Civil Practice (1961), §§ 3553, 3554, p 206.

The court in this case was of the belief that the statements of counsel led the jury to believe that the CTA did not have sufficient funds to pay its just debts. If this was the import of the statement, it was, of course, improper. Eizerman v. Behn, 9 Ill App2d

263, 285, 132 NE2d 788 (1956); 3A Nichols Illinois Civil Practice (1961) § 3565, p 213.

We do not believe that the jury could have reasonably drawn such a conclusion upon hearing these statements. Counsel merely stated that the CTA would go broke if it paid all claims regardless of merit. The only inference which one might reasonably have drawn would be that, in counsel's opinion, plaintiff's claim had no merit. This inference would arise from the evidence in record and not from any assumed facts. As the court stated in Mrdalj v. Public Service Co. of Northern Illinois, 308 Ill App 424, 431, 31 NE 2d 978 (1941):

> " '. . . However it should be borne in mind that it is the presumption of law that jurors are intelligent, honest, fearless and just. Courts are not justified in assuming that the mind of the jury is of such plastic and unreliable material as to at any unjustified word of debate neglect the instructions, abandon the evidence and disregard their oaths.' "

Going beyond this one point, the record discloses that the trial court kept a firm grip over the proceedings and carefully ruled on the admission of evidence. The plaintiff has complained that the testimony of Dr. Proffitt, who treated the plaintiff for a knee injury seven months prior to the accident at issue, and who stated that a paralysis of the left leg, which plaintiff had suffered during her fall, was not due to any organic problem at that time, but that the paralysis was the result of a hysteria or a fear type complex, prejudiced the plaintiff's case because it inferred that she was subject to hysteria.

Plaintiff, also, implies that the testimony of Dr. Ennis, who performed an hysterectomy six months following the accident which caused a spontaneous

premature delivery of a viable fetus, and who testified that the hysterectomy was necessary due to the presence of a fibroid tumor, which could not have been caused by an automobile accident, prejudiced her case and was not probative of facts charged by the complaint.

Paragraph 9 of plaintiff's complaint alleges:

"That as a result of said occurrence, plaintiff suffered and sustained severe bruises, concussions, pains, nauseas, and disturbances of her head, knees, neck, back and foot, and suffered and sustained injury to her eyes, all of which caused plaintiff great pain, misery and suffering."

We believe that the testimony of both of these doctors was relevant and without prejudice to the plaintiff. Plaintiff had chosen both of these doctors to treat her for injuries, which were independent of the automobile accident. They had treated her knee and indirectly her back respectively. Far from prejudicing her case, Dr. Proffitt unequivocally stated that "there was no permanent injury present" which, in his medical opinion, would have continued to exist to and including September 12, 1957. Moreover, the term "hysteria" was not objected to at the time and the Doctor carefully explained the effect and treatment of it and in no way implied that it might be a recurring thing. Similarly, the testimony of Dr. Ennis was directed to explaining some of the comments made in the statement of Dr. Hasbrouck. Dr. Hasbrouck had examined the plaintiff soon after the accident and had found that "she had pain and tenderness in her abdominal region and around her pelvic region, as well as the muscles of the back of her trunk." Defendant had every right to offer the testimony of Dr. Ennis to infer that this tenderness might have been caused by the fibroid tumor which Dr.

Ennis described as "the size of a grapefruit" and which he estimated the plaintiff had carried with her for some six months.

In our opinion this trial was carried on in a fair manner. We believe that the lower court was over-zealous in its allowance of a new trial. No juror who was listening could have possibly misinterpreted the remarks of counsel. The order allowing a new trial is reversed and the cause is remanded with directions to proceed in due course.

Order reversed and cause remanded with directions.

BURKE, P. J. and FRIEND, J., concur.