(No. 38621.—

ELLA LOUISE PANELLE, Appellant, *vs.* CHICAGO TRANSIT AUTHORITY, Appellee.

*Opinion filed November 24, 1964.*

ROYAL E. SPURLARK, of Chicago, for appellant.

WILLIAM J. LYNCH, WILLIAM S. ALLEN, PAUL DENVIR, and JEROME F. DIXON, all of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Cook County returned a verdict in favor of the defendant in an action brought by Ella Louise Panelle against the Chicago Transit Authority to recover damages for injuries alleged to have been suffered in a collision with a C.T.A. bus. The trial judge allowed the plaintiff's motion for a new trial. The defendant appealed, and the Appellate Court reversed the order granting a new trial. (47 Ill. App. 2d 119.) This court allowed leave to appeal.

At the trial the attorney for the defendant made the following remarks in his argument to the jury: "Now, let

me say further that if we, a municipal corporation, cannot have a trial on the law and the evidence, ladies and gentlemen, then aside from the aspects of what it does to our judicial system, I want to say this. That if we cannot decide what cases must go to be decided by a jury and bring in what evidence we have and expect that case to be decided on the law and the evidence, if we are going to be required to pay every claim made against our company whether we think it is justified or not, if we don't have the right to go to a jury of 12 people who will decide the case on the law and the evidence, then I will tell you frankly, there isn't enough money collected in a year that we would have to pay out in claims in a month."

The plaintiff objected to these remarks when they were made, and the objection was sustained. There was no request that the jury be instructed to disregard them, and no instruction to that effect was given.

The trial judge granted the new trial because he was of the opinion that the remarks about the volume of claims against the defendant and the defendant's ability to pay them were prejudicial. He said: "There is no room in final argument for inability of the defendant to pay, or other extraneous matters on claims pending outside, in this particular case." The appellate court concluded that the trial judge had misinterpreted the remarks, and that "the only inference which one might reasonably have drawn would be that, in counsel's opinion, plaintiff's claim had no merit. This inference would arise from the evidence in the record and not from any assumed facts." 47 Ill. App. 2d at 122.

We think that the remarks of counsel were improper. Nothing in the evidence or in the argument of counsel for the plaintiff called for a discussion of other claims asserted against the defendant, or the financial ability of the defendant to pay those claims. The remarks of counsel gave rise to inferences running beyond the merits of the plaintiff's claim as shown by the evidence before the jury, and

the effect of counsel's remarks, in the setting in which they were made, could more accurately be appraised by the trial judge than by the appellate court.

We are of the opinion that the judgment of the appellate court should therefore be reversed.

*Judgment reversed.*