DAVID SCHULTZ, Plaintiff-Appellant, v. W.C. SIDDENS, d/b/a Maeco Contractors, *et al.*, Defendants-Appellees.—DAVID SCHULTZ, Plaintiff-Appellant, v. W.C. SIDDENS, d/b/a Maeco Contractors, *et al.*, Defendants-Appellees.

Fifth District   Nos. 5—87—0493, 5—88—0245 cons.

Opinion filed December 6, 1989.—Rehearing denied January 11, 1990.

Law Offices of Robert L. Douglas, Ltd., of Robinson (Robert L. Douglas and Fred W. Johnson, of counsel), for appellant.

Douglas A. Enloe and Larry N. Sloss, Jr., both of Gosnell, Benecki, Borden & Enloe, Ltd., of Lawrenceville, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

These consolidated appeals arise out of a traffic accident involving a motorcycle driven by the plaintiff, David Schultz, and a tractor driven by defendant, Steven Neeley, an employee of codefendant, W. C. Siddens. On July 21, 1984, the plaintiff was traveling west on Route 33 toward Robinson, Illinois, when he came upon a line of approximately seven vehicles backed up behind the defendant's tractor,

which was pulling a disc. The tractor, which was equipped with two yellow flashing caution lights and a "slow moving vehicle" sign, was traveling approximately 15 miles per hour. The posted speed limit on Route 33 is 55 miles per hour. When the plaintiff came upon the line of vehicles following the tractor he slowed and followed behind them. Some time thereafter, the plaintiff moved into the eastbound lane of traffic in an attempt to pass the vehicles and the tractor. Before the plaintiff could complete this maneuver, the tractor turned left into a driveway which led to a garage and storage area owned by defendant Siddens. There was conflicting testimony concerning whether the driver of the tractor signaled his intention to make the turn. The plaintiff collided with the disc, severing his leg. The trial court entered judgment upon a jury verdict in favor of the defendants and the plaintiff's post-trial motion was denied.

NO. 5—87—0493

In this appeal, the plaintiff contends that the trial court erred in granting defendants' motion to strike a portion of the complaint and that defense counsel's comments in closing argument constituted reversible error. For the reasons stated below, we reverse and remand for a new trial.

■ Prior to trial, the plaintiff was granted leave to amend his first amended complaint by adding an allegation that the defendants were negligent in operating the tractor in violation of section 11—1418 of the Illinois rules of the road (Ill. Rev. Stat. 1983, ch. 95½, par. 11—1418). That section provides:

> "Farm tractor operation regulated. No person shall operate a farm tractor on a highway unless such tractor is being used as an implement of husbandry in connection with farming operations.
>
> For the purpose of this Section, use of a farm tractor as an implement of husbandry in connection with farming operations shall be deemed to include use of such tractor in connection with the transportation of agricultural products and of farm machinery, equipment and supplies as well as transportation of such tractors in connection with the obtaining of repairs thereto, and the towing of a registered truck not more than 8,000 pounds for use as return transportation after the tractor is left at the place of work or repair." Ill. Rev. Stat. 1983, ch. 95½, par. 11—1418.

The defendants' motion to strike the amended portion of the complaint was granted by the trial court. The plaintiff maintains that this

was error, and argues that section 11—1418 is a public safety statute which establishes a standard of care, and that violation of a safety statute is *prima facie* evidence of negligence. The plaintiff contends that section 11—1418 was enacted to promote safety on the highways by controlling and limiting the movement of tractors. Plaintiff argues that, at a minimum, he should have been allowed to present evidence at trial showing the applicability of the statute and that violation of the statute constituted a proximate cause of the plaintiff's injuries.

The defendants contend that the uncontroverted evidence at trial showed that the tractor was being used to transport farm equipment and therefore no violation of the statute occurred. Furthermore, the defendants maintain that even if the statute were violated, such a violation is not evidence of negligence because section 11—1418 is regulatory in nature and does not set forth a standard of care. The defendants contend that section 11—1418 is analogous to section 6—101 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—101), which prohibits a person from driving a motor vehicle without a valid license. The defendants cite *Westefer v. Rybacki* (1970), 125 Ill. App. 2d 66, 69, 259 N.E.2d 810, 812, and *Wilson v. Hobrock* (1951), 344 Ill. App. 147, 152, 100 N.E.2d 412, 415, for the proposition that driving without a license is not causally related to the question of due care. The defendants further argue that a violation of section 11—1418 cannot, as a matter of law, constitute the proximate cause of the plaintiff's injury because the injury is not the natural and probable result of the statutory violation.

There is no question that " 'violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence.' " (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 390, 356 N.E.2d 93, 97, quoting *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 417, 170 N.E.2d 881, 886.) The primary question is whether section 11—1418 was intended to promote the safety of those traveling the highways of this State, as the plaintiff contends, or whether it is merely regulatory in nature like the licensing statute at issue in *Westefer* and *Wilson*. "In ascertaining the legislature's intent, a court must consider a statute in its entirety and note the subject it addresses and the legislature's apparent objective in enacting it." (*Hettermann v. Weingart* (1983), 120 Ill. App. 3d 683, 690, 458 N.E.2d 616, 621, citing *Gill v. Miller* (1983), 94 Ill. 2d 52, 56, 445 N.E.2d 330, 333.) We believe that the objective of the legislature in enacting section 11—1418 was obviously to limit the presence of farm tractors on highways. We cannot imagine, nor does the defendant suggest, any plausible reason for such a restriction other than to mini-

mize the dangers which such vehicles pose to the safe movement of traffic. Such dangers include those associated with the necessarily slow speed at which such vehicles travel. We find, therefore, that section 11—1418 was designed for the protection of human life or property. We note that our construction of section 11—1418 is supported by its placement in the section of the Illinois Vehicle Code known as the "Rules of the Road." The majority of the subsections contained in this portion of the Illinois Vehicle Code are concerned with the safe movement of traffic. (See, *e.g.*, Ill. Rev. Stat. 1983, ch. 95½, pars. 11—601 (general speed restrictions), 11—707 (no passing zones), 11—1401 (unattended motor vehicles).) In contrast, section 6—101, which requires drivers to be licensed, is contained in a section of the Illinois Vehicle Code which generally deals with administrative matters concerning the issuance and revocation of licenses. See, *e.g.*, Ill. Rev. Stat. 1983, ch. 95½, pars. 6—109 (examination of applicants), 6—303 (driving while license is suspended or revoked).

■■ ■ Before liability can be predicated on a statutory violation, however, the violation must be a proximate cause of the injury. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 79, 117 N.E.2d 74, 78.) The defendants argue that if section 11—1418 was violated, it cannot constitute the proximate cause of the plaintiff's injury because the injury is not the natural and probable result of the violation. We believe that such a determination is best resolved by the jury. (*Davis*, 64 Ill. 2d at 395, 356 N.E.2d at 100; *Ney*, 2 Ill. 2d at 84, 117 N.E.2d at 80.) In the instant case the jury was deprived of the opportunity to make such a determination due to the trial court's error in striking the allegation of the statutory violation from the complaint. In addition, this error prevented the plaintiff from introducing evidence at trial in support of his claim that section 11—1418 was violated. As such, the defendants' contention that the evidence at trial showed that no violation of the statute occurred must also fail. We therefore reverse the judgment in favor of the defendants and remand this cause for a new trial.

Having decided that a new trial is necessary, we will address plaintiff's contention that defense counsel improperly commented on the defendant's ability to pay. During his closing argument defense counsel stated:

"MR. ENLOE [Defense Counsel]: Mr. Johnson repeated to you that the only thing they're here for is compensation, and this is a lawsuit where they are here asking you to take money away from Mr. Siddens and to take his property—

MR. DOUGLAS [Plaintiff's Counsel]: Objection. That is not taking away from Mr. Siddens, Your Honor. There has been a

special fund set up for that. That is inappropriate.

MR. ENLOE: Your Honor, I don't know what he's talking about.

MR. DOUGLAS: Well, that's inappropriate. It's not coming from Mr. Siddens. I object.

THE COURT: I'll overrule the objection. Go ahead and continue.

MR. ENLOE: We'd ask for a mistrial at this point, Your Honor.

THE COURT: You may renew that matter later. Go ahead with your argument.

MR. ENLOE: At any rate, special funds are not—this is a suit against Mr. Siddens. Maeco is the Company that's been sued in this case, and that is Mr. Siddens doing business as Maeco Construction Company, and that's what they're asking you to do. They're asking you to take away his property and give it to—.

MR. DOUGLAS: Your Honor, we are not asking to take any property away from Mr. Siddens. I object. That's inappropriate, and a misstatement.

THE COURT: All right. I'm going to sustain the objection, since it's being so highly objected to, and I'm sure the Jury understands what the effect of one party having to another party is, so I'll ask the Jury not to consider the statement of Mr. Enloe with regard to this, and to strike this from your minds."

Reference to a defendant's ability to pay a judgment is improper and may constitute reversible error. (See *Panelle v. Chicago Transit Authority* (1964), 31 Ill. 2d 560, 561, 202 N.E.2d 484, 485; *Hickey v. Chicago Transit Authority* (1964), 52 Ill. App. 2d 132, 139-40, 201 N.E.2d 742, 746.) "This rule is based upon the assumption that juries tend to favor those who are least able to bear the loss resulting from an injury." (*DiPaolo v. Johnson* (1973), 15 Ill. App. 3d 735, 739, 305 N.E.2d 194, 197.) To constitute reversible error, the language complained of must be reasonably understood to refer to the financial status of one of the parties, and it must result in prejudice to the complaining party. *McMahon v. Richard Gorazd, Inc.* (1985), 135 Ill. App. 3d 211, 223, 481 N.E.2d 787, 795.

In the instant case, we believe that defense counsel's remarks that the plaintiff was asking the jury to take away the defendant's money and property were obviously designed to elicit sympathy for the defendant and prejudice the jury. Since we have already reversed this cause and remanded for a new trial, however, we need not decide

whether these comments would, by themselves, require reversal. We simply note that such comments are improper and should not be repeated at retrial.

NO. 5—88—0245

In this appeal, the plaintiff and defendants in cause No. 5—87—0493, discussed above, appeal from an order of the circuit court requiring each of them to pay court reporter fees for a transcription of the report of proceedings. The record indicates that the plaintiff requested the court reporters to prepare transcripts of only the closing arguments and the arguments presented during the post-trial motion. The defendants then designated additional portions of the trial proceedings that they deemed necessary for inclusion to complete the record on appeal. The plaintiff did not object to the inclusion of the additional materials. Shortly after the record on appeal had been prepared and filed with this court, and approximately seven months after notice of appeal had been filed, the trial court, on its own motion, set a hearing to determine the responsibility for apportionment of court reporter fees. That hearing was continued on plaintiff's motion, and the court thereafter directed the court reporters to file copies of the request for preparation of transcripts and the accompanying bills within 10 days. Counsel for plaintiff and defendants were directed to file any objections to these fees within 10 days thereafter. This docket entry was dated February 19, 1988. On March 14, 1988, the court made the following docket entry:

"No objections to the court reporters' timely filed statements, for preparation of transcripts and copies, having been filed by the parties within the time allowed therefore, it is ordered that the parties pay the court reporters in full according to the statements submitted, if the parties have not already done so. Clerk to furnish a copy of this entry to all counsel and reporters."

The defendants then filed a motion to vacate the order and asked the court to order the plaintiff to reimburse the defendants for the court reporter fees which they had paid. Plaintiff also filed a motion to vacate. On April 18, 1988, the trial court denied the motions to vacate in a written order. The court stated that the purpose of its March 14 order was to supervise compliance by the parties with section 5 of the Court Reporters Act (Ill. Rev. Stat. 1987, ch. 37, par. 655). The court found that its order did not relate to any matter on appeal, and did not affect the final outcome of the suit, but was merely collateral to the issues on appeal and therefore the court had jurisdiction to issue the order.

On appeal, both the defendants and the plaintiff argue that the trial court lacked jurisdiction to order payment of the reporter fees. While it is generally true that a trial court is divested of jurisdiction once a notice of appeal has been filed, this rule does not apply to matters which do not affect a judgment and are merely collateral. (See *Chicago Title & Trust Co. v. Czubak* (1978), 67 Ill. App. 3d 184, 185, 384 N.E.2d 765, 766; *Southland Corp. v. Village of Hoffman Estates* (1970), 130 Ill. App. 2d 311, 318, 264 N.E.2d 451, 455.) A court retains jurisdiction to determine the costs of furnishing transcripts after notice of appeal is filed because the amount due cannot be fixed until the transcript is complete. (*People v. Johnson* (1988), 175 Ill. App. 3d 908, 919, 530 N.E.2d 627, 635.) We find, therefore, that the payment of the court reporter fees was a collateral matter over which the trial court retained jurisdiction.

In addition to the jurisdictional argument, both parties raise separate arguments concerning the fees. The plaintiff argues that the amount assessed by the trial court exceeds the amount allowed under section 5. That section states, in pertinent part:

> "Unless and until otherwise provided in a Uniform Schedule of Charges which may hereafter be provided by rule or order of the Supreme Court, a court reporter may charge not to exceed 25¢ per 100 words for making transcripts of his notes. The fees for making transcripts shall be paid in the first instance by the party in whose behalf such transcript is ordered and shall be taxed in the suit." (Ill. Rev. Stat. 1987, ch. 37, par. 655.)

Plaintiff also contends that the statute does not authorize a reporter to charge for copies of transcripts independently made, which was apparently done in this case. We find that the plaintiff has waived these issues. The trial court allowed the parties 10 days to make objections to the charges submitted by the court reporters, and plaintiff did not object. Moreover, plaintiff did not object to the amount of the charges in his motion to vacate. Plaintiff's failure to object constituted a waiver of these issues for purposes of review. See *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 368-69, 155 N.E.2d 34, 38.

Defendants contend that the trial court erred in denying them reimbursement from the plaintiff for the fees which defendants paid to the court reporters. The defendants argue that under Supreme Court Rule 323(a) (107 Ill. 2d R. 323(a)) the plaintiff was responsible for the entire costs of the transcripts. Supreme Court Rule 323(a) provides:

> "A report of proceedings may include evidence *** and any other proceedings that the party submitting it desires to have

incorporated in the record on appeal. The report of proceedings shall include all the evidence pertinent to the issues on appeal.

Within 14 days after the filing of the notice of appeal the appellant shall make a written request to the reporter to prepare a transcript of the proceedings that he wishes included in the report of proceedings, and a copy of the request shall be served upon every other party with the docketing statement required by Rule 303(g). Within 7 days after service on the appellee of the docketing statement and a copy of the request for transcript the appellee may serve on the appellant a designation of additional portions of the proceedings that the appellee deems necessary for inclusion in the report of proceedings. Within 7 days after service of such designation the appellant shall request the reporter to include the portions of the proceedings so designated *or make a motion in the trial court for an order that such portions shall not be included unless the cost is advanced by the appellee.*" (Emphasis added.) 107 Ill. 2d R. 323(a).

The defendants argue that because the plaintiff failed to make a motion in the trial court as required by the rule, he is responsible for the entire cost of the transcript. We agree. The appellant bears the burden of providing a complete record on appeal. (*Smith v. City of Greenville* (1983), 115 Ill. App. 3d 39, 41, 450 N.E.2d 389, 391; *Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 744, 380 N.E.2d 529, 531.) Under the plain language of Rule 323, if the plaintiff wished to avoid responsibility for preparing the additional portions of the proceedings designated by the defendant, he was required to make a motion in the trial court. Plaintiff did not make such a motion. The defendants, on the other hand, made a timely motion to vacate the order requiring them to pay court reporters' fees and sought reimbursement from the plaintiff for fees already paid. We find that the trial court erred in ordering the defendants to pay court reporters' fees and in denying their motion for reimbursement. Therefore, that portion of the trial court's order requiring the defendants to pay reporters' fees is vacated, and the court is directed to enter an order requiring the plaintiff to reimburse the defendants for those costs.

No. 5—87—0493, Reversed and remanded.

No. 5—88—0245, Affirmed in part; vacated in part and remanded with directions.

RARICK and HOWERTON, JJ., concur.