GARY L. McCOY *et al.*, Plaintiffs-Appellants, v. ROLAND D. McCOY, Defendant-Appellee.

Fourth District    No. 4—91—0702

Opinion filed April 23, 1992.

G. Edward Moorman, of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellants.

Rammelkamp, Bradney, Dahman, Kuster, Keaton, Fritsche & Lindsay, P.C., of Jacksonville (Barbara Fritsche, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Gary L. McCoy brought a personal injury action against his uncle, defendant Roland D. McCoy, for injuries he sustained while on a hayride. Plaintiff Carol J. McCoy brought an action for loss of consortium due to the injuries her husband sustained on this hayride. Defendant filed a motion for summary judgment, which was granted by the trial court on August 23, 1991. Plaintiffs appeal, contending the evidence of defendant's illegal operation of the tractor from which Gary fell was sufficient to make the granting of summary judgment in favor of defendant improper. We disagree and affirm.

The trial court found "that Plaintiffs concede that the only allegation of negligence provable by the Plaintiffs is Defendant's violation of section 11—1418 of the Illinois Motor Vehicle Code" (see Ill. Rev. Stat. 1987, ch. 95½, par. 11—1418); that section provides as follows:

> "Farm tractor operation regulated. No person shall operate a farm tractor on a highway unless such tractor is being used as an implement of husbandry in connection with farming operations.
>
> For the purpose of this Section, use of a farm tractor as an implement of husbandry in connection with farming operations shall be deemed to include use of such tractor in connection with the transportation of agricultural products and of farm machinery, equipment and supplies as well as transportation of such tractors in connection with the obtaining of repairs thereto, and the towing of a registered truck not more than 8,000 pounds for use as return transportation after the tractor is left at the place of work or repair." Ill. Rev. Stat. 1987, ch. 95½, par. 11—1418.

On October 31, 1987, defendant's daughter had a Halloween party. Following this party, there was a hayride on which Gary was a passenger. Gary had not been invited to this party but since he was defendant's nephew, he went to the party anyway. Carol was not at the party or on the hayride. Defendant drove a tractor which pulled the wagon and all of its passengers on various country roads outside the city limits of Jerseyville, in Jersey County, Illinois.

Gary was seen drinking beer at the party, and Carol stated in her deposition that she had dropped him off at a tavern that afternoon prior to the party. At first, Gary was seated on the rear fender of the

tractor next to defendant; however, he stood up and attempted to walk from the tractor back into the wagon. As he was doing so, he lost his balance and fell off the wagon, striking his head on the pavement. Gary suffered severe brain damage as a result of this fall. He has no memory of the accident or of the events of the day of the accident.

In an affidavit, defendant averred the tractor he drove that night had headlights and a bright white light on the rear fender which illuminated the area between the tractor and the wagon. He further stated the tractor had a small red light on the fender and the wagon itself had rear taillights. Defendant stated all of these lights were on and operating at the time of the accident.

In her discovery deposition, Sheila Pea stated she was at this Halloween party and hayride on October 31, 1987. She saw Gary drinking beer at the party but did not know how much he drank that evening. She did, however, see him stumble a couple of times and heard him slurring his words. She stated that prior to his fall, Gary was standing up on the tractor leaning against the rear fender. She did not see him fall but heard someone offer his hand to Gary and immediately after that she heard a thud. Sheila stated the tractor was not going very fast, there were no potholes in the road and nothing in defendant's driving caused Gary to fall.

Margaret McCoy stated in her deposition that she also was present at this party and hayride. She stated there were lights on the tractor and wagon, and they were on when the accident occurred. She did not actually see Gary fall but knew the wagon did not hit a bump before he fell. She did feel the wagon hit a bump after he fell. However, she did not believe defendant's driving had anything to do with Gary's fall. She did not see Gary drinking that evening.

The trial court, in a written order, granted summary judgment in favor of defendant, finding there was no genuine issue as to any material fact. The trial court further found Gary's own negligence was the proximate cause of his injuries and that the only allegation of negligence provable by plaintiffs was the statutory violation which had no causal relation to Gary's injuries. Accordingly, defendant was entitled to judgment as a matter of law. Plaintiffs appeal from that order.

Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 31, 476 N.E.2d 413, 419.) While use of the summary judgment procedure is to be encouraged as an aid in the expeditious disposition

of a lawsuit, it is a drastic means of disposing of litigation and, therefore, should be allowed only when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) When the matter at issue may be decided as a question of law, summary judgment is a proper remedy. *Johnson v. American Family Mutual Insurance Co.* (1990), 193 Ill. App. 3d 794, 799, 550 N.E.2d 668, 672.

■ A violation of a safety statute or regulation may be *prima facie* evidence of negligence if two conditions are fulfilled. The law must be designed to (1) protect a class to which the plaintiff belongs, and (2) the injury must have a direct and proximate connection with the regulation. (*Batteast v. Wyeth Laboratories, Inc.* (1990), 137 Ill. 2d 175, 193, 560 N.E.2d 315, 323.) The plaintiff must also establish that violation was the proximate cause of the injury. (*Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 219-20, 384 N.E.2d 323, 326.) Whether these conditions have been satisfied is a question of law for the court. *Batteast*, 137 Ill. 2d at 193-94, 560 N.E.2d at 323.

As stated heretofore, plaintiff's first-amended complaint alleged defendant violated section 11—1418 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—1418), which violation caused the wagon to run over a pothole, thereby causing plaintiff to fall off the wagon. It is undisputed that defendant was operating his tractor in violation of this statute.

■ In *Schultz v. Siddens* (1989), 191 Ill. App. 3d 622, 548 N.E.2d 87, the court determined the purpose of section 11—1418. The court there concluded:

> "We believe that the objective of the legislature in enacting section 11—1418 was obviously to limit the presence of farm tractors on highways. We cannot imagine, nor does the defendant suggest, any plausible reason for such a restriction other than to minimize the dangers which such vehicles pose to the safe movement of traffic. Such dangers include those associated with the necessarily slow speed at which such vehicles travel. We find, therefore, that section 11—1418 was designed for the protection of human life or property." *Schultz*, 191 Ill. App. 3d at 626-27, 548 N.E.2d at 89.

We agree that the purpose of the statute is to minimize the dangers that such slow-moving vehicles pose to the safe movement of traffic and that this section was designed for the protection of human life or property.

■ A statutory violation does not obviate the need to determine whether a defendant's conduct proximately caused the injuries of which a plaintiff complains. (*Cherry v. McDonald* (1988), 176 Ill. App. 3d 471, 479, 531 N.E.2d 78, 82; *Feldscher v. E & B, Inc.* (1983), 95 Ill. 2d 360, 370, 447 N.E.2d 1331, 1336.) Proximate cause consists of two distinct elements: actual cause and legal cause. Actual cause, or cause in fact, is determined by simply analyzing the facts. A defendant's conduct may be deemed the actual cause of a plaintiff's injury if, "but for" the defendant's conduct, the injury would not have occurred. Actual cause can also be established where the defendant's conduct is a material element and substantial factor in bringing about the plaintiff's injuries. (*Turner v. Roesner* (1990), 193 Ill. App. 3d 482, 490, 549 N.E.2d 1287, 1292.) While the element of proximate cause is ordinarily a question of fact for the jury, summary judgment is proper where the facts are undisputed and there is no difference in the judgment of reasonable men as to the inferences to be drawn. *Bogovich v. Nalco Chemical Co.* (1991), 213 Ill. App. 3d 439, 441, 572 N.E.2d 1043, 1044.

■ Although plaintiffs have established that defendant violated a safety statute, they have failed to establish defendant's conduct proximately caused Gary's injuries. Carol was not present at the accident, and Gary has no recollection of why he fell off the wagon. However, both have stated in their depositions that they had no reason to believe defendant's driving caused Gary to fall based on what they had been told by other people who witnessed the accident. Both Sheila Pea and Margaret McCoy stated in their depositions that the tractor did not hit any potholes prior to Gary's fall. Both stated the road was smooth and did not have any potholes and neither believed defendant's driving had anything to do with Gary's fall. In fact, there is nothing to suggest that Gary fell from the wagon for any reason other than that he simply lost his balance.

Therefore, we find there was no causal relationship between defendant's violation of section 11—1418 of the Code and Gary's injuries. Accordingly, as defendant was entitled to judgment as a matter of law, the trial court properly granted him summary judgment in his favor.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.