Arlene J. VAN HOUTEN–MAYNARD, individually and as independent Administrator of the Estate of James Walter Maynard, Jr., Deceased, Plaintiff,

v.

ANR PIPELINE COMPANY, a Delaware Co. and a Subsidiary of American National Resources Co., Defendant.

ANR PIPELINE CO., Third party Plaintiff,

v.

JONES TRUCK LINES, INC., Third party Defendant.

No. 89 CV 0377.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 29, 1994.

Brian J. McManus, Brian J. McNamus & Associates, Thomas P. Valenti, Thomas P. Valenti, P.C., Chicago, IL, for plaintiff.

Alvin E. Domash, David R. Schmidt, Daniel W. Sherman, Lord, Bissel & Brook, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff Arlene Van Houten–Maynard (Van Houten–Maynard), individually and as her late husband's independent administrator, brings this wrongful death action against ANR Pipeline Company (ANR). Plaintiff alleges that ANR negligently breached its duty to her and her decedent by failing to maintain its pipeline meter station, above-ground transmission lines, valves and appurtenant structures in a manner that would prevent damage to others' persons and property. On December 7, 1992, ANR moved for summary judgment, arguing that it had no legal duty to plaintiff and her decedent. The court denied that motion on April 22, 1993. Before

us now is ANR's renewed motion for summary judgment. Because the amount in controversy exceeds $50,000 and the parties are of diverse citizenship, the court has subject matter jurisdiction under 28 U.S.C. § 1332. For the reasons stated below, ANR's renewed motion is denied.

### FACTS

For present purposes, the facts of the case are not in dispute. ANR is an interstate transporter of natural gas that operates thousands of miles of pipelines. Almost all the pipelines are below the surface, but at certain points ANR has facilities at which the pipelines emerge from the ground. One of these above-ground facilities is a meter station located 116 feet north of the westbound lanes of Interstate 80 (I–80) in West Joliet, Illinois.

On February 21, 1988, plaintiff's husband, James Maynard (Maynard), was working for Jones Truck Lines, Inc. (Jones[1]) as a semi-tractor trailer truck driver. He had just turned onto the westbound lanes of I–80 for a trip to Kansas City, Missouri, when he struck an object in the roadway and lost control of his truck. The truck veered off the road, traveled 350 feet across a ditch and a field and through two fences, and hit ANR's above-ground pipeline. The collision caused the pipeline to rupture and ignited the natural gas. Maynard was killed and the truck and meter facility were destroyed.

Van Houten–Maynard sued ANR, alleging claims for survival and loss of consortium and seeking damages. Her complaint asserts that "it was the duty of [ANR] ... to maintain the gas metering station, above-ground transmission lines, valves and appurtenant structures so as to prevent damage to the person and property of others" (Cplt. 15). She claims that ANR breached that duty by (1) failing to install and maintain a proper protective device around its meter station, (2) failing to erect a concrete barrier around the station, (3) failing to locate the station a safe distance from the roadway, and/or (4) failing to erect proper barricades as required by 49

---

**1.** On April 17, 1989, ANR filed a third-party complaint against Jones, making Jones a party to this case. However, because the present motion is directed only at the plaintiff's claims, we need not address the separate dispute between Jones and ANR.

C.F.R. ¶ 192.317. Van Houten–Maynard argues that the alleged breach of duty proximately caused her husband's death and other damages (Cplt. 15–16).

 In response to plaintiff's claims, ANR moved the court for summary judgment, arguing that it owed no legal duty to Van Houten–Maynard or her decedent. We denied that motion. *Van Houten–Maynard v. ANR Pipeline Co.*, No. 89 C 377, 1993 WL 134887 (N.D.Ill. Apr. 22, 1993). In so doing, we focused on the federal regulation governing exposed pipelines, 49 C.F.R. ¶ 192.317, since under Illinois law a violation of a safety standard is relevant to the issue of whether a duty exists. *O'Conner v. Commonwealth Edison Co.*, 748 F.Supp. 672, 676 (C.D.Ill. 1990), *aff'd*, 13 F.3d 1090 (7th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2711, 129 L.Ed.2d 838 (1994). Part 192.317 requires that facilities like ANR's "be protected from accidental damage by vehicular traffic or other similar causes either by being placed at a safe distance from the traffic or by installing barricades." 49 C.F.R. ¶ 192.317. ANR argued that it had satisfied the regulation's requirements by placing its facility 116 feet from the roadway. However, because ANR had presented no evidence that 116 feet was a safe distance, we held that "the present record does not require the conclusion that a reasonable person could not find that ANR violated the regulation" and denied the motion for summary judgment.[2] *Van Houten–Maynard v. ANR Pipeline Co.*, No. 89 C 377, 1993 WL 134887, at *4 (N.D.Ill. Apr. 22, 1993).

## DISCUSSION

ANR now presents a second motion for summary judgment—its Renewed Motion for Summary Judgment Based on New Evidence and Expert Testimony—and again argues that it owed no duty to plaintiff or her decedent. As before, the focus is on ANR's compliance with the applicable federal pipeline regulation. To convince the court that its second motion is not simply a repetition of the first, ANR points to two new aspects of the case. First is the testimony of its expert, Joseph Caldwell, that ¶ 192.317 was not in force at the time ANR's facility was built. Rather, the governing regulation was the 1968 version of USA Standard Code for Pressure Piping B31.8, a standard promulgated by the American Society of Mechanical Engineers (Dep. of Joseph Caldwell at 98). Caldwell testified (and plaintiff does not dispute[3]) that pursuant to the Natural Gas Pipeline Act of 1968 the federal Office of Pipeline Safety adopted B31.8, which had been the industry standard, as an interim regulation before ¶ 192.317 came into effect. *Id.* at 61–62. Therefore, B31.8, not ¶ 192.317, is the appropriate standard against which to measure ANR's conduct. In addition to this new legal standard, ANR presents new facts: expert testimony that placing a meter station 100 feet from the roadway would meet the regulation's requirements (Dep. of Joseph Caldwell at 57, 65). ANR argues that, in light of the new legal and factual aspects of the case, it is now entitled to summary judgment.

 We disagree. First, beginning with the legal point, B31.8 does not differ significantly from ¶ 192.317. Experts for both sides agree that B31.8 was ¶ 192.317's predecessor and that ¶ 192.317 was modeled after it (Dep. of D. Michael Smith at 14; Dep. of Joseph Caldwell at 103). Plaintiff's expert says that the two are interchangeable (Dep. of D. Michael Smith at 36–37, 74), and defendant's expert says that the two are basically

---

**2.** We also found that the regulation was designed to protect the public against the dangers of vehicle-pipeline collisions and that Maynard's accident was the type of injury at which the regulation was directed, so Van Houten–Maynard has established those elements of her *prima facie* case. *See McCoy v. McCoy*, 227 Ill.App.3d 244, 169 Ill.Dec. 244, 247, 591 N.E.2d 124, 127 (App. Ct.1992) (holding that the violation of a regulation is *prima facie* evidence of negligence if (a) the regulation was designed to protect a class to which the plaintiff belongs, (b) the injury was of the type that the rule sought to prevent, and (c) a violation of the regulation caused the injury).

**3.** Although plaintiff's expert, D. Michael Smith, stated in his 1991 deposition that B31.8 was an industry standard, not a binding federal regulation, he agreed that ¶ 192.317 had not taken effect at the time the ANR facility was built, and he referred to B31.8, not ¶ 192.317, in addressing whether ANR's facility was properly constructed (Dep. of D. Michael Smith at 36, 41).

the same (Dep. of Joseph Caldwell at 103). If this were not enough, the language of the two provisions is nearly identical. B31.8 requires that "[w]here pipelines and mains are exposed ... [they] shall be reasonably protected by distance or barricades from accidental damage by vehicular traffic or other causes." Similarly, ¶ 192.317 mandates that pipelines "must be protected from accidental damage by vehicular traffic or other similar causes either by being placed at a safe distance from the traffic or by installing barricades." Although it is conceivable that Congress and the Department of Transportation intended ¶ 192.317's "safe distance" to be construed differently from B31.8's "reasonably protected by distance," ANR has presented no evidence to that effect, and the history and language of the two standards (as well as both experts' testimony to their interchangeability) suggest otherwise.[4] Thus the switch to B31.8 gives ANR no new legal basis for its summary judgment motion.

■ Similarly, the new evidence ANR presents (in the form of Caldwell's testimony that the meter station complied with B31.8) does not provide a basis for altering our earlier decision. Testifying to how far from the highway ANR's meter station should have been located under the B31.8 standard, plaintiff's expert stated that 263 feet would be the required distance (Dep. of D. Michael Smith at 57), while defendant's expert said 100 feet would be sufficient (Dep. of Joseph Caldwell at 57, 65). Since the station was actually 116 feet from I–80, this dispute is material, that is, its resolution could affect the outcome of the case. *See Whetstine v. Gates Rubber Co.*, 895 F.2d 388, 392 (7th Cir.1990) (a fact is material only if it could affect a case's outcome). We cannot grant ANR summary judgment in the face of such disagreement since factual disputes between experts, like other factual disputes, are reserved for the trier of fact. *Renovitch v.*

*Kaufman,* 905 F.2d 1040, 1044 (7th Cir.1990); *Egger v. Phillips,* 669 F.2d 497, 502 (7th Cir.1982), *rev'd on reh'g on other grounds,* 710 F.2d 292 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). ANR urges that we can resolve the experts' difference of opinion about what constitutes reasonable protection under B31.8 by resorting to Illinois law.

■ Relying on a line of recent cases from the Illinois Supreme Court rejecting the liability of property owners for injuries that occurred when vehicles strayed onto their land, ANR asserts that because its facility was located beyond where vehicles might go in the ordinary and foreseeable course of travel, it was "reasonably protect[ed]" for purposes of B31.8. This argument mixes apples and oranges. It assumes that what is reasonable under B31.8—a federal regulation—is the same as what is reasonable under Illinois law. We do not think that the standard of care ordinarily applicable to landowners trumps a safety standard applicable to a specific use, presumably dictated by the enhanced risks of that use. To illustrate by hyperbole, we doubt that Illinois law would absolve from liability a nuclear facility vulnerable to a meltdown by impact if such an event occurred because it was sited, unprotected, adjacent to a busy highway. Even if we found that ANR had no duty to plaintiff under Illinois common law because it placed its meter station a reasonable distance from the roadway,[5] that conclusion would not necessarily permit us to determine as a matter of law whether the station was reasonably protected for purposes of B31.8. Rather, the determination must be made by the trier of fact based on an evaluation of the experts' conflicting testimony.

In sum, the switch from ¶ 192.317 to B31.8, and the addition of Caldwell's testimony that ANR's facility was in compliance with B31.8,

---

4. Even if we were to assume with ANR that B31.8 is different enough from ¶ 192.317 that it deserves separate consideration, we would still deny the motion for summary judgment because B31.8 is subject to the same factual disputes as ¶ 192.317. That is, the "reasonably protected by distance" language of B31.8 gives us no more conclusive proof of ANR's duty or lack thereof than ¶ 192.317's "safe distance" did. *See infra*

(noting the experts' disagreement as to what constitutes a reasonable distance for purposes of B31.8).

5. We do not address whether in this particular case ANR had a duty to Maynard under Illinois common law. In light of our decision regarding the federal regulation, we need not do so.

do not persuade us to alter our earlier determination that ANR is not entitled to summary judgment. Since ANR's renewed motion presents no other new facts or legal theories to convince us to rule in its favor, the motion is denied.

## CONCLUSION

The defendant's renewed motion for summary judgment is denied.

